Shirley J. GOODWIN, Plaintiff–Appellee,

v.

CITY OF SAN BERNARDINO; San Bernardino Police Department, Defendants,

and

Joseph Shuck, Defendant–Appellant.

No. 05–56101.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 28, 2007.

---

Andre E. Jardini, Esq., Knapp, Petersen & Clarke, Glendale, CA, for Plaintiff–Appellee.

Christopher D. Lockwood, Esq., Arias Aaen, PLC, San Bernardino, CA, for Defendant–Appellant.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

### MEMORANDUM *

Following the denial of his Rule 50 motion for judgment as a matter of law, San Bernadino City Police Officer Joseph Shuck ("Shuck") appeals, arguing he is entitled to qualified immunity. Resolving, as we must, factual disputes in the favor of the nonmoving party, *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *City Solutions, Inc. v. Clear Channel Commc'n,* 365 F.3d 835, 839 (9th Cir.2004), we reverse the district court's denial of qualified immunity as to the false arrest claim but affirm the district court's denial of qualified immunity as to Goodwin's in-home arrest claim.

Shuck had probable cause to arrest Goodwin because he had actual or imputed knowledge of Goodwin's violations of local laws. *See United States v. Jensen,* 425 F.3d 698, 704 (9th Cir.2005). A custodial arrest for a minor, fine-only offense does not violate the Fourth Amendment, *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001), and Shuck is therefore entitled to qualified immunity with respect to Goodwin's false arrest claim.

At trial, Goodwin testified that Shuck opened her front door before arresting her in her house. Because on this appeal we must construe all facts in favor of Goodwin, we must assume that Goodwin did not voluntarily expose herself to public view. Therefore, under these circumstances an in-home arrest would only be justified by exigent circumstances; the record does not show that any were apparent. The law is sufficiently clear that a reasonable officer would have known that such a showing is necessary. *See Payton v. New York,* 445 U.S. 573, 576, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) ("[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."). Accordingly, we affirm the denial of judgment as a matter of law with respect to the in-home arrest claim.

**AFFIRMED IN PART** and **REVERSED IN PART.** Each party shall bear its own costs on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.